IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON M. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 18-063-CFC |
| | ) | |
| A.C. MOORE ARTS AND | ) | |
| CRAFTS INC./SBAR'S INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Sharon M. James, Wilmington, Delaware, Pro se Plaintiff.

Wendy K. Voss, Esquire, and Jennifer Penberthy Buckley, Esquire, Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 1, 2019
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

Plaintiff Sharon M. James, ("Plaintiff") who appears *pro se*, commenced this employment discrimination action on the basis of age pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), on January 8, 2018. (D.I. 2) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court are Plaintiff's motion for default judgment (D.I. 19) and motion to dismiss Defendants' opposition to the motion (D.I. 27), as well as Defendants' motion to dismiss Plaintiff's amended complaint (D.I. 28). The matters have been briefed.

I. BACKGROUND

Plaintiff alleges employment discrimination as a result of her employment with Defendant A.C. Moore Arts & Crafts, Inc. ("A.C. Moore").[1] In addition to A.C. Moore, Plaintiff names as Defendants Laura Doron ("Doron") and Starmane Hayman ("Hayman"). The operative pleading consists of Docket Items 2, 9, and 12 and, collectively, they allege age discrimination, retaliation, and workplace harassment/hostile work environment.

Plaintiff began working for A.C. Moore in July 2009 and, in March 2013, was employed as an activity and custom framing specialist. (D.I. 2 at 5) As

---

[1] A.C. Moore indicates it is improperly named in the caption as A.C. Moore Arts and Crafts Store/Sbar Inc.

1

of September 6, 2017, she held the position of cashier, a position she alleges was the result of demotions. (*Id.* at 8) Plaintiff has filed four charges of discrimination with the EEOC and the Delaware Department of Labor ("DDOL") as follows:

(1) EEOC No. 17C-2013-00290 (JAM022213), dated March 6, 2013, presented to the DDOL on February 22, 2013, alleges discrimination based upon age (56) occurred on January 21, 2013, when A.C. Moore decreased Plaintiff's work hours and her hours were given to younger employees (*Id.* at 5); (2) EEOC No. 17C-2013-00548 (JAM061413), dated July 3, 2013, presented to the DDOL on June 14, 2013, alleges retaliation occurred from May 23, 2013 through June 10, 2013 when Plaintiff's hours and responsibilities were systematically reduced, other individuals were hired to perform her duties, and she received a low performance evaluation in retaliation for filing Charge of Discrimination 17C-2013-00290; the charge alleges a continuing action (*id.* at 6); (3) EEOC No. 17C-2016-00244 (JAM012015), dated February 8, 2016, presented to the DDOL on January 20, 2015, alleges retaliation from January 21, 2013 through January 20, 2015, in the form of demotion to cashier/janitor, adverse assignments, discipline, and attempts to force Plaintiff to resign due to previously filed charges of age discrimination JAM022213 and retaliation

JAM061413; the charge alleges a continuing action (*id.* at 7); and (4) EEOC No. 17C-2017-00722F, dated September 6, 2017, presented to the DDOL on August 3, 2017, alleges retaliation from July 22, 2014 through July 24, 2017, when Plaintiff was harassed and subjected to a hostile work environment when the locker Plaintiff had used for eight years was reassigned to another employer, and Plaintiff was demoted to cashier for a previously filed charge of discrimination (*id.* at 8).

On October 1, 2015, the EEOC issued a notice of suit rights for EEOC Charge 17C-2013-00290. (*Id.* at 11) Plaintiff states the notice of suit rights is for EEOC Nos. 17C-2013-00290 and 17C-2013-00548, and that the first two charges of discrimination were dismissed by the head EEOC investigator. (*Id.* at 9, ¶¶ 1-2) Plaintiff states that she requested a notice of right to sue letter for the third and fourth charges of discrimination. (*Id.* at ¶ 2) On November 7, 2017, the EEOC issued a notice of right to sue (issued on request) for EEOC Charge 17C-2017-00722. (*Id.* at 10) All EEOC notices advised Plaintiff that her lawsuit "must be filed within 90 days" of receipt of the notice or her right to sue based on the charge would be lost. The record does not contain a notice of suit rights or a notice of right to sue for the third charge of discrimination, EEOC No. 17C-2016-00244.

Plaintiff filed this lawsuit on January 8, 2018. She seeks compensatory and other damages.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff has filed a motion for entry of default judgment. (D.I. 19) Plaintiff moves for default judgment on the grounds that Defendants failed to answer the complaint within the time-frame required by the Federal Rules of Civil Procedure. Defendants oppose (D.I. 24), and Plaintiff moves to dismiss or strike their opposition. (D.I. 27)

A party seeking to obtain a default judgment must first request the Clerk the Court to "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ .P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Here, there has been no entry of default. In addition, the motion is premature, Defendants having appeared and timely filed a motion to dismiss. Therefore, the Court will deny both Plaintiff's motion for default judgment and Plaintiff's motion to dismiss or strike Defendants' opposition to Plaintiff's motion for default judgment. (D.I. 19; D.I. 27)

## III. MOTION TO DISMISS

### A. Legal Standards

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not

raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## B. ADEA

The ADEA makes it unlawful for an employer to discharge an employee due to an individual's age. *See* 29 U.S.C. § 623. Under the ADEA, a plaintiff must establish that she: (1) was over forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a person sufficiently younger to permit an inference of age discrimination. *See Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001).

Defendants move for dismissal on the grounds that: (1) the ADEA does not provide for individual liability against Defendants Doron and Hayman; (2) Plaintiff's claims for age discrimination based on reduction in her work hours and low evaluations and retaliation based on her alleged demotion/job reassignment) were untimely filed; (3) Plaintiff failed to exhaust her administrative remedies on the claims that she was excluded from the Alex's Lemonade Stand fundraiser for the last four years, was excluded from staff meetings/huddles for the last three years, has not received performance appraisals since 2015, and A.C. Moore failed to withhold federal taxes; (4) Plaintiff failed to exhaust her administrative remedies as to the retaliation claims based upon the receipt of new policies/handbook and job restructuring/

7

changes to her job duties, she did not suffer an adverse employment action, and the changes applied to the entire organization; and (5) Plaintiff's hostile work environment claim is not cognizable under the ADEA, and she failed to plead a sufficiently severe or pervasive conduct to state a claim for hostile work environment harassment.

### C.  Discussion

#### 1.  Individual Claims

Defendants move for dismissal of the ADEA claims raised against individual Defendants Doron and Hayman. As a matter of law, the ADEA does not provide for individual liability. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n. 29 (3d Cir. 2006). Only the "employer" may be held liable under the ADEA, 29 U.S.C. § 623, and Plaintiff's Complaint does not allege that Doron or Hayman are her employers. Accordingly, the Court will grant Defendants' motion to dismiss the ADEA claims raised against Doron and Hayman.

#### 2.  Timeliness

Defendants move to dismiss the claims raised by Plaintiff in her first two charges of discrimination because she failed to timely commence this civil action after receiving her notice of right to sue letter. In addition, Defendants

move to dismiss the discrete acts of reduction in work hours, retaliatory demotion/job reassignment, and low performance evaluation job demotion raised in the third and fourth charges of discrimination claims on the grounds that they arose more than 300 days prior to the date the third and fourth charges of discrimination were filed. Plaintiff responds that that right to sue letter is not an issue.

A plaintiff bringing an employment discrimination claim under the ADEA must first exhaust her administrative remedies by complying with the procedural requirements set forth in 29 U.S.C. § 626. In particular, a plaintiff must file a charge with the EEOC within 180 days of the allegedly unlawful employment practice, or within 300 days if the charge is filed instead with a stage agency. 29 U.S.C. § 626(d)(1). If the EEOC or state agency dismisses the charge, then the plaintiff must bring an action in federal district court within 90 days of receiving a right-to-sue letter. *See* 29 U.S.C. § 626(e); *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). "Both requirements—exhaustion and filing—are non-jurisdictional prerequisites, akin to statutes of limitations." *See Communications Workers of Am. v. N.J. Dep't of Personnel*, 282 F.3d 213, 216 (3d Cir. 2002). "[T]he plain language of Section 626(e) makes clear that the failure to file suit within 90

days after the receipt of a notice from the Commission renders a plaintiff's action untimely." *McCray v. Corry Mfg. Co.*, 872 F. Supp. 209, 214 (W.D. Pa. 1994), *aff'd*, 61 F.3d 224 (3d Cir. 1995). The ninety day period is "strictly construed" and without the showing of an equitable basis for tolling, "a civil suit filed even one day late is time barred and may be dismissed." *Burgh*, 251 F.3d at 470.

Plaintiff did not timely commence this civil action with regard to her first two charges of discrimination; No. 17C-2013-00290 and No. 17C-2013-00548. She received her notice of suit rights on October 1, 2015; yet she did not commence this action until January 8, 2018, long past the ninety-day time frame to do so. Therefore, the Court will grant Defendants' motion to dismiss all claims raised in EEOC Nos. 17C-2013-00290 and 17C-2013-00548.

It is far from clear that Plaintiff intended to reallege or renew claims in her third charge of discrimination that Plaintiff raised in the first and second charges of discrimination. The fourth charge of discrimination speaks expressly to a retaliation/harassment reassignment employee locker issue in July 2017. To the extent Plaintiff intended to reallege or renew claims in the third charge of discrimination (EEOC No. 17C-2016-00244) that she raised in the first and second charges of discrimination, the Court will grant Defendants'

motion to dismiss the realleged or renewed discrete acts of reduction in work hours, retaliatory demotion/job reassignment, and low performance evaluation job demotion as they arose more than 300 days prior to the date the third and four charges of discrimination were filed. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify).

### 3. Exhaustion

Defendants move to dismiss several of Plaintiff's claims for her failure to exhaust administrative remedies. Plaintiff makes several allegations in her complaint (D.I. 2, 9) that are not included in her third and fourth charges of discrimination, including: (1) Plaintiff's exclusion from the Alex's Lemonade Stand fundraiser for the past four years (D.I. 2 at 118); (2) Plaintiff's exclusion from staff meetings/huddles for the last three years (*id.*); (3) Plaintiff's failure to receive performance appraisals since 2015 (*id.* at 119); (4) A.C. Moore's failure to properly withhold Plaintiff's federal taxes (*id.* at 84); and (5) A.C. Moore's

11

retaliation against Plaintiff for filing this lawsuit when it made changes to its policies/ handbook, restructured jobs, and made changes to Plaintiff's job duties (D.I. 9 at 1-2).

A plaintiff bringing discrimination claims under the ADEA must exhaust his or her administrative remedies by filing an administrative charge with the EEOC and procure a notice of the right to sue. *See Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 111 (3d Cir. 2014) (applying the administrative remedies of Title VII to ADEA claim). Claims within a plaintiff's complaint must have been "fairly within the scope of the prior EEOC Complaint" or the agency's investigation. *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

Because Plaintiff raises her claims under the ADEA she is required to exhaust her administrative remedies by filing claims with the DDOL or the EEOC. The Court has reviewed Plaintiff's third and fourth charges of discrimination, and they do not contain the foregoing claims even though Plaintiff references them in her Complaint. (*See* D.I. 2 at 84, 86, 119; D.I. 12 at 5) Notably, the fourth charge of discrimination is specific as to a July 2017 claim that Plaintiff's locker of many years was reassigned to another employer and she was demoted to the cashier position. (D.I. 2 at 8) It simply cannot be

said that the unexhausted claims are fairly within the scope of the fourth charge of discrimination.

The third charge of discrimination is pled in a much more general fashion and, while the Court could possibly consider some of Plaintiff's claims as fairly within the scope of the third charge of discrimination, the claims in the third charge of discrimination have not been fully exhausted. As a prerequisite to filing suit under the ADEA, a plaintiff must first file a charge of discrimination with the EEOC and must receive from the EEOC a notice of the right to sue. *See Peters v. Air Prod. & Chemicals, Inc.*, 2006 WL 860097, at *3 (E.D. Pa. Mar. 31, 2006). This prerequisite, akin to a statute of limitations, mandates dismissal of an ADEA claim if a plaintiff files the claim before receiving a right to sue notice. *See e.g., Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007); *Burgh*, 251 F.3d at 470. Plaintiff did not present the Court with a notice of right to sue for the third charge of discrimination. Without this final administrative action, Plaintiff has not exhausted her administrative remedies as to the third charge of discrimination and cannot bring suit. *Burgh*, 251 F.3d at 471. Therefore, the claims in the third charge of discrimination will be dismissed without prejudice.

Finally, it is clear that Plaintiff has not exhausted the 2018 retaliation claims based upon the receipt of new policies/handbook and job restructuring/ changes to her job duties. Plaintiff commenced this action on January 8, 2018. It would have been impossible for her to exhaust her administrative remedies for these claims prior to commencing this action. Therefore, the Court will grant Defendants' motion to dismiss this claim.

### 4. Hostile Work Environment

Defendants move to dismiss what they contend is Plaintiff's only remaining claim, a hostile work environment claim. The Court does not construe the Complaint in the same manner as Defendants.

The fourth charge of discrimination indicates retaliation and adverse employment action by "harassment (hostile work environment), assignment." (D.I. 2 at 8) It is clear from the fourth charge of discrimination that Plaintiff alleges retaliation occurred as a result of previously filed charges of discrimination against A.C. Moore and that the retaliation manifested itself in the form of a demotion and harassment. Defendants did not move to dismiss the retaliation claim alleged in the fourth charge of discrimination.

Plaintiff indicates in her Complaint that she also raises a claim of harassment or hostile work environment, a claim that falls within the scope of

fourth charge of discrimination. Although the Third Circuit has not squarely decided that the ADEA permits a claim for hostile work environment, it has held that Title VII and ADEA caselaw are "routinely use[d] . . . interchangeably, when there is no material difference in the question being addressed." *Walton v. Mental Health Ass'n. of Southeastern Pa.*, 168 F.3d 661, 666 (3d Cir. 1999) (internal quotation and citation omitted). To state a hostile work environment, claim under the ADEA, Plaintiff must show that (1) she suffered intentional discrimination because of her age; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in similar circumstances; and (5) the existence of respondeat superior liability. *See Parrillo v. Lower Bucks Cty. Joint Mun. Auth.*, 2003 WL 23162434, at *6 (E.D. Pa. Dec. 18, 2003). Whether a work environment is hostile requires a review of the totality of the circumstances, including the frequency, severity, and nature of the discriminatory conduct as well as whether it unreasonably interfered with the employee's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Off-hand comments and isolated incidents (unless they are extremely serious) are not sufficiently severe or pervasive to amount to discriminatory changes in the terms and conditions of employment. *See*

15

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quotation and citation omitted).

Defendants argue that Plaintiff has failed to allege a prima facie hostile work environment claim. They argue that Plaintiff's allegations do not rise to the level of severe or pervasive conduct.

The Court has considered the fourth charge of discrimination (D.I. 2 at 8), the allegations in the Complaint (*id.* at 115-117), and the exhibits provided by Plaintiff to support her claim. Plaintiff proceeds *pro se* and the Court must liberally construe her claims. Nonetheless, the Court finds that she has failed to adequately state an ADEA hostile work environment claim. The fourth charge of discrimination refers to one discrete act – the reassignment of Plaintiff's employee locker – and not to repeated conduct. In addition, while not clear, it appears from Plaintiff's additional allegations that all employees were notified of the new locker assignment issue and that the action taken was not based upon age. (D.I. 2 at 115-117) Plaintiff fails to state a hostile work environment claim as pled. Therefore, the Court will grant Defendants' motion to dismiss the hostile work environment claim. However, because it is plausible that Plaintiff could state a hostile work environment claim, she will be given leave to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court will: (1) deny Plaintiff's motion for default judgment (D.I. 19); (2) deny Plaintiff's motion to deny/strike Defendants' opposition to Plaintiff's motion for default judgment (D.I. 27); and (3) grant Defendants' motion to dismiss (D.I. 27). Plaintiff will be given leave to amend the harassment/hostile work environment raised in the fourth charge of discrimination, EEOC No. 17C-2017-00722F. Should Plaintiff fail to file an amended complaint, the matter will proceed on the retaliation claim as alleged in the fourth charge of discrimination. (D.I. 2 at 8)

An appropriate order will be entered.