IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON M. JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 18-063-CFC |
| A.C. MOORE ARTS AND CRAFTS INC., | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM**

Plaintiff Sharon M. James, who appears *pro se*, commenced this employment discrimination action pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), on January 8, 2018. (D.I. 2) Pending before me are several motions filed by the parties. (D.I. 71, 83, 86, 90, 92, 95)

**Motions for Recusal**

1. Plaintiff first moved for my recusal on September 23, 2019. (*See* D.I. 56) I found no basis for my recusal and denied that motion on January 23, 2020. (*See* D.I. 69) Plaintiff has since filed two new motions for my recusal. (D.I. 71, 86)

2. In Plaintiff's second motion, she seeks my recusal pursuant to 28 U.S.C. § 351(a) and § 455. (D.I. 71 at 2–3) In her third motion, she seeks my recusal based on provisions in the Delaware Constitution and the Delaware Judge's Code of Judicial Conduct. (D.I. 86 at 1, 20)

3. The allegations and arguments in Plaintiff's new motions essentially parrot the allegations and arguments she made in support of her initial recusal motion. Plaintiff takes exception generally to judicial rulings I have made in the case; and she

interprets an order I entered to correct the caption of the case as "a threat." (D.I. 71 at 11) Plaintiff contends I am required to recuse myself because I once represented when I was a lawyer the law firm that now represents Defendant in this matter. (*Id.* at 10) Plaintiff also argues that I have shown bias and favoritism towards Defendant since this case began. (*Id.* at 17)

    4. Neither § 351(a), the Delaware Constitution, nor the Delaware Judge's Code of Judicial Conduct are relevant to Plaintiff's recusal motions. Section 351 permits a person to file a complaint for judicial misconduct with the clerk of the appropriate court of appeals, in this case, the United States Court of Appeals for the Third Circuit. The Delaware Constitution and Delaware Judge's Code of Judicial Conduct govern the conduct of Delaware state court judges, not federal judges.

    5. Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1) a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor).

2

6.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56. Plaintiff is clearly dissatisfied with and objects to my rulings; but a reasonable, well-informed observer would not believe that my rulings were based on impartiality, bias, or actual prejudice. Thus, neither § 455(a) nor § 455(b)(1) requires my recusal.

7.  Section 455(b)(2) obligates a judge to recuse himself if "in private practice he served as lawyer in the matter in controversy, or [if] a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." None of these circumstances is present here. I never represented any party to this litigation and, to my knowledge, none of the lawyers with whom I previously practiced law served as a lawyer in this matter during my association with them. Nor am I or any of my former colleagues from private practice a material witness in this matter. Thus, there is no basis for recusal under § 455(b)(2). The fact that I previously represented the law firm that represents Defendant is not a basis for recusal. *See County of Hudson v. Janiszewski*, 351 F. App'x 662, 668 (3d Cir. 2009) (affirming a trial judge's decision not to recuse even though he had a relationship with the law firm representing plaintiffs).

8.  Accordingly, I will deny Plaintiff's second and third motions for recusal. I

will also deny Plaintiff's motion to strike Defendant's opposition to the second motion for recusal as moot. (D.I. 83)

**Motion to Strike**

9.  Plaintiff filed a second motion to strike Defendant's second pleadings of May 13, 2020. (D.I. 90) The title of the motion suggests that Plaintiff is asking the Court to strike Defendant's answer to the Amended Complaint. The answer, however, was filed on February 6, 2020, not May 13, 2020. (*See* D.I. 77)

10. It is clear from the motion to strike that it is merely another attempt to obtain my recusal and obtain a default judgment. As discussed above, I am denying Plaintiff's second and third motions for my recusal. I have likewise addressed the issue of default judgment and will not revisit it. (*See* D.I. 36, 69) Accordingly, I will deny Plaintiff's motion to strike. (D.I. 90)

**Motion for Extension of Time**

11. On May 29, 2020, Defendant filed a motion for an extension of case deadlines on the grounds that the Covid pandemic and Plaintiff's failure to timely respond to Defendant's discovery requests and telephone calls to schedule Plaintiff's deposition made it unlikely that discovery could be completed by the Court-ordered deadline of June 8, 2020. (D.I. 92) Plaintiff moved to strike Defendant's motion. (D.I. 95)

12. Since the filing of Defendant's motion, Plaintiff was deposed and both Plaintiff and Defendant filed motions for summary judgment. Accordingly, at this time, I see no need to extend discovery deadlines and will deny Defendant's motion. Should

either party believe that good cause exists to obtain additional discovery or supplement their summary judgment motions, that party can file an appropriate motion. Because I will deny Defendant's motion, Plaintiff's motion to strike is moot and I will therefore deny it.

## Conclusion

For the foregoing reasons, the Court will (1) deny Plaintiff's second and third motions for recusal (D.I. 71, 86); (2) deny Plaintiff's motions to strike (D.I. 83, 90, 95); and (3) deny Defendant's motion for extension of time to complete discovery (D.I. 92).

The Court will issue an Order consistent with this Memorandum.

                                                                                    _____
                                                                                  UNITED STATES DISTRICT JUDGE

September 28, 2020
Wilmington, Delaware