IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON M. JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 18-063-CFC |
| | ) |
| A.C. MOORE ARTS AND CRAFTS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Sharon M. James, who appears *pro se*, filed this action for employment discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* (ADEA). (D.I. 2) The Amended Complaint is the operative pleading. (D.I. 37) Pending before me are Plaintiff's Reply in Opposition to the Memorand[]um of Opinion of September 28, 2020 (D.I. 120) and her motion for disqualification (D.I. 121). The matters have been briefed.

2. **Motion for Reconsideration.** I have construed Plaintiff's reply in opposition to the Court's September 28, 2020 Memorandum Opinion as a motion for reconsideration. The Memorandum Opinion provided the reasoning behind a September 28, 2020 Order that denied Plaintiff's second and third motions for my recusal.

3. The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann,*

1

*Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

4. Plaintiff's motion restates her reasons for previously seeking my recusal. Upon review of the filings in the case, I conclude that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the September 28, 2020 Order. I will therefore deny the motion.

5. **Motion to Disqualify.** This is Plaintiff's fourth motion seeking my disqualification or recusal. (D.I. 121) Plaintiff moves for my recusal pursuant to 28 U.S.C. § 455(a) and on the grounds that I cannot hear this case in a fair and impartial manner as required by the Code of Judicial Conduct. The motion seeks my

2

disqualification or recusal for reasons Plaintiff raised in her prior three motions filed in this case (see D.I. 56, 71, 86) as well as in a petition for a writ of mandamus Plaintiff filed before the United States Court of Appeals for the Third Circuit, see In re James, 826 F. App'x 254 (3d Cir. 2020).

6. The Court of Appeals denied Plaintiff's petition for a writ of mandamus and found that Plaintiff had "not established that [my] 'impartiality might reasonably be questioned,' . . . or that [I have] 'a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" In re James, 826 F. App'x at 255. The Court of Appeals addressed Plaintiff's allegation that my adverse ruling demonstrated biased against her and the Court reiterated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (Id.) Finally, the Court of Appeals noted that Plaintiff's recusal motions were based in part on my prior representation of the law firm that represents Defendant in this case, found the connection between that prior representation and this case was attenuated, and discerned no abuse of discretion in my decision not to recuse myself. Id. at n.1.

7. Plaintiff continues to seek my disqualification or recusal despite my previous rulings and her acknowledgement that the Court of Appeals denied the relief sought through her petition for a writ of mandamus. Plaintiff presents no new grounds for my disqualification or recusal. Her motion will be denied for the reasons previously explained in my January 23, 2020 and September 28, 2020 memorandum opinions and orders and for the reasons set forth in the Court of Appeals' October 22, 2020 Opinion. (See D.I. 68, 69, 118, 119) and In re James, 826 F. App'x 254, supra.

8. **Conclusion.** For the reasons discussed above, I will: (1) deny Plaintiff's motion for reconsideration (D.I. 120); and (2) deny Plaintiff's motion for disqualification (D.I. 121). The Court will issue an Order consistent with this Memorandum.

_____
UNITED STATES DISTRICT JUDGE

March 11, 2021
Wilmington, Delaware